106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Carlton GOINS, Petitioner-Appellant,
v.
Sam LEWIS; Attorney General for the State of Arizona,
Respondents-Appellees.
 No. 95-15245.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert C. Goins, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Goins contends that (1) the state suppressed exculpatory evidence when it failed to have samples of his blood, hair and semen compared with samples from a rape kit; and (2) his counsel was ineffective for failing to have the above comparisons performed. We review de novo the district court's decision to grant or deny a habeas petition. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We have jurisdiction, 28 U.S.C. § 1291, 2253, and affirm.
 
 
 3
 Goins was convicted of armed robbery and attempted murder of Mr. C and sexual assault of Mrs. C.[1] The evidence at trial established that in the early morning hours of December 19, 1985, the C's, who lived in a retirement community, heard knocking at their door. Thinking it was their daughter, for whom they were baby-sitting, Mr. C opened the door. An assailant pushed Mr. C back into the apartment, and when Mr. C resisted, shot him in the face. The assailant then proceeded to rape Mrs. C.
 
 
 4
 Mrs. C could not identify Goins as her assailant. Mrs. C also testified that her assailant had a large chevron tattoo on his shoulder. Goins has a Playboy bunny tattooed on his chest, but has no tattoos on his shoulder. However, Mrs. C did identify a red jersey found in Goins' apartment as the assailant's shirt.
 
 
 5
 In addition, Goins' fingerprint was found on the second floor inside a locked security door on the Coronas' hallway. The glass in the door had been broken and Goins' fingerprint was upside down on a piece of broken glass inside the door, consistent with a person reaching through the broken window to open the door from the inside. Furthermore, ballistics established that Mr. C was shot with a gun which police found under Goins mattress. The apartment complex manager also identified Goins as the man she had seen in the parking lot of the complex approximately an hour before the rape and assault of the C's.
 
 
 6
 Goins' first trial ended with a hung jury. Before his second trial, the prosecution moved to compel Goins to allow samples of his blood, hair, and semen to be taken for comparison with a rape kit prepared after Mrs. C was raped. The motion was granted, but the prosecution never took the samples from Goins and never had any comparison done with the rape kit.
 
 
 7
 Goins first contends that the state suppressed exculpatory evidence when it failed to have samples of his blood, hair, and semen compared with samples from the rape kit. This contention lacks merit.
 
 
 8
 "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963); see also United States v. Alvarez, 86 F.3d 901, 904 (9th Cir.1996). Brady, however, does not require the prosecution to create exculpatory evidence for the defendant. See United States v. Bracy, 67 F.3d 1421, 1429 n. 5 (9th Cir.1995) (holding that the prosecution does not have a duty to volunteer information not in its possession); United States v. Monroe, 943 F.2d 1007, 1011 n. 2 (9th Cir.1992) (same). Accordingly, the prosecution did not violate Brady. See Bracy, 67 F.3d at 1429 n. 5; Monroe, 943 F.2d at 1011 n. 2.
 
 
 9
 Goins next contends that his counsel was ineffective for failing to have the above comparisons performed. We disagree.
 
 
 10
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that his performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). If it is possible to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697. The petitioner bears the burden of showing prejudice. Id. at 687-690; Thompson v. Calderon, 86 F.3d 1509, 1516 (9th Cir.1996).
 
 
 11
 We agree with the district court that Goins has not met this burden. Although samples of Goins hair, blood, and semen are within his control, he has come forward with no evidence that tends to exclude him as Mrs. C's assailant. Cf. Baylor v. Estelle, 94 F.3d 1321, 1324 (9th Cir.1996) (finding counsel ineffective for failing to follow up on report that suggested that petitioner could not have been the assailant).[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Goins was also convicted of two counts of armed robbery and first-degree murder. Goins was acquitted of another count of armed robbery and first-degree murder
 
 
 [2]
 We reject Goins' contention that his due process rights were violated when the Arizona Court of Appeals denied his request to an evidentiary hearing. See Carriger v. Stewart, 95 F.3d 755, 762 (9th Cir.1996) ("We have held that federal habeas relief isn't available to redress alleged errors in state post conviction proceedings.")